UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID HAWES, | ) |
| | ) |
|     Plaintiff | ) |
| | )  CAUSE NO.  3:06-CV-42RM |
|   v. | ) |
| | ) |
| J. DAVID DONAHUE, *et al.*, | ) |
| | ) |
|     Defendants | ) |

OPINION AND ORDER

David Hawes, a *pro se* prisoner, submitted an application for an emergency preliminary injunction which the court construes as a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Hawes seeks an emergency injunction against the defendants. Mr. Hawes says a new prison policy that directs inmates to submit outgoing mail unsealed so that staff can inspect for prohibited property or contraband went into effect on January 15, 2006. He alleges that the new policy violates his First and Fourth Amendment rights. He says that on July 1, 2006, a policy concerning the possession of pornographic or obscene material will go into effect, and that the policy will violate his First Amendment rights.

Mr. Hawes names the Indiana Department of Corrections (IDOC) as a defendant. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the IDOC, as well as to the State itself. Kashani v. Purdue University, 813 F.2d. 843 (7th Cir. 1987). A State

2

may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988). The IDOC must be dismissed as a defendant.

Prison officials have a legitimate penological interest in inspecting prisoner mail for contraband, escape plans or other threats to prison security. Martin v. Brewer, 830 F.2d 76, 77 (7th Cir.1987).

> Inspection of personal mail is a legitimate prison practice, justified by the important governmental interest in prison security. Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir.1986); *see also* Royse v. The Superior Court of the State of Washington, 779 F.2d 573, 575 (9th Cir.1986) (inspection of inmate mail for contraband does not constitute mail censorship). Accordingly, prison officials may lawfully require inmates to leave their outgoing mail unsealed to expedite screening. Gaines, 790 F.2d at 1304.
> However, inmates do retain limited First Amendment rights with respect to the handling of their outgoing mail. Prison officials violate the First Amendment when for reasons unrelated to legitimate penological interests, they censor outgoing mail that contains "'inflammatory political, racial, religious, or other views,' and matter deemed 'defamatory' or 'otherwise inappropriate.'" Procunier v. Martinez, 416 U.S. 396, 415, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). In addition, prison officials may not read an inmate's privileged mail, although they may open it and inspect it for contraband in an inmate's presence. Wolff v. McDonnell, 418 U.S. 539, 577, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (upholding prison procedure of inspecting but not reading legal mail in part because no threat of chilled communications); Gaines, 790 F.2d at 1305-06 (upholding policy allowing prison officials to open and inspect but not to read privileged mail in inmate's presence).

Henderson v. Brush, No. 06-C-12-C, 2006 WL 561236, at *13 (W.D.Wis., Mar. 6, 2006).

Mr. Hawes's complaint and its attachments establish that the policy of submitting unopened outgoing mail allows for the mail to be inspected, but not

3

read, by prison officials. Complaint, at 2; Attachment, at 12. Mr. Hawes argues that the restrictions should be placed on the individuals who are bringing in the contraband, not on the inmates. Mr. Hawes doesn't allege that the mail is being read or censored in any inappropriate way. Because Mr. Hawes does not allege, and based on this complaint it would not be reasonable to infer, that the defendants (or the policy) violate Mr. Hawes' First and or Fourteenth Amendment rights, this claim will be dismissed.

Mr. Hawes alleges that the policy that will ban printed materials containing nudity violates his First Amendment rights, but alleges nothing more. Complaint, at 3. The policy will become effective on July 1, 2006, and Mr. Hawes only seeks injunctive relief. The Seventh Circuit has emphasized that "Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), *quoting* Hishon v. King & Spalding, 467 U.S. at 73, 104 S.Ct. 2229. Giving Mr. Hawes the benefit of the inferences to which he is entitled at the screening stage, the court cannot say that he can prove no set of set of facts against defendant J. David Donahue consistent with his claim that the new policy violates his First Amendment rights.

It is unclear whether Mr. Hawes brings this suit against J. David Donahue in his individual or official capacity. Mr. Hawes only seeks injunctive relief, so the

4

court will grant Mr. Hawes leave to proceed against Commissioner Donahue in his official capacity for injunctive and declaratory relief.

For the foregoing reasons, the court:

(1) **GRANTS** Mr. Hawes leave to proceed against J. David Donahue in his official capacity on his First Amendment claim;

(2) **DISMISSES** all other claims and defendants;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 for J. David Donahue to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on J. David Donahue;

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that J. David Donahue respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the one claim for which Mr. Hawes has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: April  4 , 2006

                                         /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United States District Court