UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID HAWES, | ) |
| Plaintiff | ) |
| | ) CAUSE NO.  3:06-CV-042 RM |
| v. | ) |
| J. DAVID DONAHUE, *et al.*, | ) |
| Defendants | ) |

OPINION AND ORDER

David Hawes, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983, seeking an injunction against J. David Donahue in his official capacity. Mr. Hawes alleged that a new policy that will ban printed materials containing nudity violates his First Amendment rights.[1] The defendant moved for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) and notified Mr. Hawes of the importance of responding to the motion pursuant to Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982). The deadline for a response to the motion passed, but Mr. Hawes did not respond.

"We review a motion pursuant to Rule 12(c) under the same standard as a motion to dismiss under FED. R. CIV. P. 12(b). GATX Leasing v. National Union Fire Ins., 64 F.3d 1112, 1114 (7th Cir. 1995).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

---

[1] All other claims were dismissed in this court's screening order of April 4, 2006.

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

The defendant argues that the Indiana policy in question is constitutional because it is substantially similar to the policies reviewed and upheld in Thornburgh v. Abbott, 490 U.S. 401 (1989) and Amatel v. Reno, 156 F.3d 192 (D.C. Cir. 1998). Both of those cases involved challenges by inmates to prison regulations prohibiting materials containing nudity. Both upheld the constitutionality of those prison policies. With no argument to the contrary, the court cannot find that the Indiana policy can be meaningfully differentiated from those previously upheld, nor that the minor differences in style effect either the meaning or the constitutionality of the Indiana policy.

For the forgoing reasons, the motion for judgment on the pleadings (docket # 15) is **GRANTED** and this case is **DISMISSED** pursuant Fed. R. Civ. P. 12(c).

SO ORDERED.

ENTERED: October  10 , 2006

                                                /s/ Robert L. Miller, Jr.
                                                Chief Judge

United States District Court